UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL NAVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-3090-SEM-TSH |
| | ) |
| SANGAMON COUNTY JAIL and | ) |
| SANGAMON COUNTY JAIL | ) |
| MEDICAL STAFF, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Daniel Nava's claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

1

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts


must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Nava is a pre-trial detainee located at the Sangamon County Jail (also known as the Sangamon County Detention Center) and is currently awaiting trial. Nava alleges that, in February 2013, he was eating lunch when he was punched on the right side of his head by a fellow inmate or detainee. This punch caused Nava to suffer a large laceration above his eye.

After the altercation had concluded, Jail officials transported Nava to a local hospital for medical attention that included five stiches being placed above Nava's right eye. Nava continues to have blurred vision in his right eye as a result of the attack.

Nava has filed this suit seeking damages. Nava claims that the attack never would have occurred if Jail officials had properly classified its inmates/detainees. In addition, Nava alleges that the medical staff at the Jail has failed to properly monitor his medical condition that is progressively worsening. Accordingly, Nava's

3

Complaint attempts to state a claim for failure to protect him from a fellow inmate/detainee and for being deliberately indifferent to his serious medical need.

The Fourteenth Amendment's due process clause provides protections to Nava as a pre-trial detainee. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). In fact, the United States Court of Appeals for the Seventh Circuit has stated that the Fourteenth Amendment's protections are "'at least as great as the protections available to a convicted prisoner under the Eight Amendment.'" *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998) (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). However, the Seventh Circuit has also stated that "there is little practical difference between the two standards." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001)(internal quotation omitted).

Here, Nava's Complaint fails to name or identify a proper party defendant. Nava has filed this suit under 42 U.S.C. § 1983. Section "1983 applies only to a 'person' who acts under color of state law." *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001). The "Sangamon County Jail" is not a "person" that may be sued under §

1983. *Wright v. Porter County*, 2013 WL 1176199, * 2 (N.D. Ind. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations."); *Phillips v. Sangamon County Jail*, 2012 WL 4434724, * 2 (C.D. Ill. Sept. 24, 2012)(same).

Furthermore, simply suing the Sangamon County Jail Medical Staff is akin to suing "John Doe" as a Defendant. Identifying John Doe as a defendant may be necessary in some instances, but the Court believes that Nava should be able to identify at least one person who he believes failed to protect him from his fellow inmate's attack and at least one person who was deliberately indifferent to his serious medical need. The Court understands that Nava may not be able to identify all of the proper party Defendants until some discovery has occurred, but Nava should be able to identify at least one party by name in support of his causes of action.

Accordingly, rather than allow this case to proceed against unnamed Jail officials, the Court will give Nava 21 days from the date of this Order within which to file an Amended Complaint. If he chooses to file an Amended Complaint, Nava should identify the person or persons that he believes is responsible for failing to

5

protect him from his fellow inmate/detainee and the person or persons who he believes was deliberately indifferent to his serious medical needs. Nava should explain, in a short, plain statement, what actions these individuals did or did not take that he believes constitutes a violation of his Constitutional rights and explain why he believes that these actions or inactions violated his Constitutional rights.

**IT IS, THEREFORE, ORDERED that:**

**Plaintiff has 21 days from the date of this Order to file an Amended Complaint that complies with the dictates of this Order. If Plaintiff fails to file an Amended Complaint that complies with the dictates of this Order, the Court will dismiss this case for failure to state a cause of action upon which relief can be granted. 28 U.S.C. § 1915(g).**

ENTER: April 2, 2014

FOR THE COURT:

                                            s/ Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE