UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL NAVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-3090-SEM-TSH |
| | ) |
| SANGAMON COUNTY JAIL and | ) |
| SANGAMON COUNTY JAIL | ) |
| MEDICAL STAFF, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Daniel Nava's Amended Complaint.

The Court previously conducted a merit review of Nava's Complaint. Thereafter, the Court granted Nava leave to amend his Complaint because Nava had failed to name a "person" that may be sued under 42 U.S.C. § 1983. *Wright v. Porter County*, 2013 WL 1176199, * 2 (N.D. Ind. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations."); *Phillips v.*

1

*Sangamon County Jail*, 2012 WL 4434724, * 2 (C.D. Ill. Sept. 24, 2012)(same).

Nava has amended his Complaint to identify specific individuals whom he believes violated his Constitutional rights. These amendments are sufficient to state a cause of action upon which relief can be granted. Specifically, the Court finds that Nava's Amended Complaint states a cause of action against Correctional Officer Kirby and Correctional Officer Dennis Williams for failing to protect Nava from another inmate's attack. The Court further finds that Nava's Amended Complaint states a cause of action against Dr. Arun Abraham and Nurse Tracy Shea for deliberate indifference to a serious medical need.

**IT IS, THEREFORE, ORDERED:**

1. Pursuant to a review of the Complaint, the Court finds that Plaintiff states a claim against Correctional Officer Kirby and Correctional Officer Dennis Williams for failing to protect Plaintiff from another inmate's attack and a claim against Dr. Arun Abraham and Nurse Tracy Shea for deliberate indifference to a serious medical need. Any additional claim(s) shall not be included in the case except at the Court's discretion on motion by a party for

good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by mailing a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

3

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an Answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the Answer is necessary or will be considered.

6. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on

Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**It is further ordered that the Clerk is directed to: (1) add Correctional Officer Kirby, Correctional Officer Dennis Williams, Dr. Arun Abraham, and Nurse Tracy Shea as party Defendants and to terminate the Sangamon County Jail and the Sangamon County Jail Medical Staff as party Defendants; (2) attempt service on Defendants pursuant to the standard procedures; and (3) set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and to enter scheduling deadlines.**

**Lastly, it is Ordered that, if Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this 21st day of May 2014

                                            s/ Sue E. Myerscough
                                              SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE